UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. MICHAEL FERGUSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-01331 |
| | § | |
| THE TRAVELERS INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company ("Travelers" or "Defendant") files its Notice of Removal of this action from the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On April 11, 2017, Plaintiff J. Michael Ferguson ("Plaintiff") commenced an action in the 160th Judicial District Court of Dallas County, Texas, styled *J. Michael Ferguson v. The Travelers Indemnity Company*, where it was assigned Cause No. DC-17-04243.

2. On April 21, 2017, Defendant was served with citation. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 160th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court. Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff "seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00." *See* Ex. A-2 at ¶ 60. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

    **(b) Complete diversity between Plaintiff and Defendant exists.**

7. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Plaintiff was at the time of the filing of this action, has been at all

times since, and is still an individual resident citizen of Texas. Accordingly, Plaintiff is a citizen of Texas.

8. Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Connecticut with its principal place of business in Hartford, Connecticut. Accordingly, Defendant is a citizen of Connecticut.

9. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 160th Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEY FOR DEFENDANT THE
TRAVELERS INDEMNITY COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been furnished to counsel of record as provided below, via facsimile, in accordance with the Federal Rules of Civil Procedure, this 18th day of May, 2017:

James M. McClenny
J. Zachary Moseley
Derek L. Fadner
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060

                                             */s/ Wm. Lance Lewis*
                                            Wm. Lance Lewis / Alissa Puckett