# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **J. MICHAEL FERGUSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **THE TRAVELERS INDEMNITY** § | |
| **COMPANY,** § | |
| § | |
| **Defendant.** § | |

**INDEX OF STATE COURT MATERIALS**

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 04/11/2017 | Plaintiff Michael Ferguson's Original Petition |
| A-3 | 04/11/2017 | Civil Case Information Sheet |
| A-4 | 04/11/2017 | Civil Process Request |
| A-5 | 04/11/2017 | Jury Demand |
| A-6 | 04/17/2017 | Citation Issued as to The Travelers Indemnity Company |
| A-7 | 04/24/2017 | Return of Service for The Travelers Indemnity Company |
| A-8 | 05/12/2017 | Defendant's Unopposed Motion to Transfer Venue |
| A-9 | 05/12/2017 | Defendant's Answer Subject to its Motion to Transfer Venue |

# EXHIBIT A-1

## Case Information

DC-17-04243 | J MICHAEL FERGUSON vs. THE TRAVELERS INDEMNITY COMPANY

| Case Number | Court | File Date |
|---|---|---|
| DC-17-04243 | 160th District Court | 04/11/2017 |

| Case Type | Case Status | |
|---|---|---|
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
FERGUSON, J MICHAEL

Address
909 Lake Carolyn Pkwy, Suite 150
Irving TX 75039

Active Attorneys
Lead Attorney
MOSELEY, ZACH
Retained

Work Phone
713-334-6121

Fax Phone
713-322-5953

DEFENDANT
THE TRAVELERS INDEMNITY COMPANY

Address
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701

Active Attorneys

Lead Attorney
LEWIS, WILLIAM LANCE
**Retained**

Work Phone
214-871-2100

Fax Phone
214-871-2111

## Events and Hearings

04/11/2017 NEW CASE FILED (OCA) - CIVIL

04/11/2017 ORIGINAL PETITION

2017-04-10 POP(293).pdf

04/11/2017 CASE FILING COVER SHEET

InfoSheet - ZM.pdf

04/11/2017 CORRESPONDENCE - LETTER TO FILE

CPR-ZM.pdf

04/11/2017 JURY DEMAND

FP FILE DESK JURY DEMAND FORM

04/11/2017 ISSUE CITATION

ISSUE CITATION

04/17/2017 CITATION

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
04/24/2017
Comment
CERT MAIL/DB 9214 8901 0661 5400 0105 3978 34

04/24/2017 RETURN OF SERVICE

RETURN OF SERVICE

Comment
EXEC CIT TO TRAVELERS IDEMNITY COMPANY ON 4/21/17 CERT MAIL

05/12/2017 MOTION - TRANSFER - CHANGE OF VENUE

MTV to Tarrant County.pdf

Comment
Defendant's Unopposed Motion to Transfer Venue

05/12/2017 ORIGINAL ANSWER - GENERAL DENIAL

FergusonAnswer.pdf

## Financial

FERGUSON, J MICHAEL

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $434.00 |
| Total Payments and Credits | | | | $434.00 |
| 4/11/2017 | Transaction Assessment | | | $434.00 |
| 4/11/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 22903-2017-DCLK | FERGUSON, J MICHAEL | ($434.00) |

# EXHIBIT A-2

FILED
DALLAS COUNTY
4/11/2017 10:20:52 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01331-C   Document 1-1   Filed 05/18/17   Page 9 of 57   PageID 13

Tonya Pointer

CAUSE NO. _DC-17-04243_

| | | |
|---|---|---|
| **J. MICHAEL FERGUSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **THE TRAVELERS INDEMNITY** | § | |
| **COMPANY** | § | _____ **JUDICIAL DISTRICT** |
| *Defendant* | § | |

## PLAINTIFF MICHAEL FERGUSON'S ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** J. Michael Ferguson, (hereinafter referred to as "Plaintiff"), complaining of The Travelers Indemnity Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

## PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. The Travelers Indemnity Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service,

Corporation Service Company, located at the following address: 211 East 7th Street Suite 620, Austin TX 78701.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant The Travelers Indemnity Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, The Travelers Indemnity Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant The Travelers Indemnity Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 909 Lake Carolyn Pkwy, Suite 150, Irving, Texas 75039.

9. Defendant The Travelers Indemnity Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 23, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant The Travelers Indemnity Company. Plaintiff subsequently opened a claim on March 23, 2016 and Defendant The Travelers Indemnity Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant The Travelers Indemnity Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant The Travelers Indemnity Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant The Travelers Indemnity Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant The Travelers Indemnity Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full

proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## **AGENCY**

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant The Travelers Indemnity Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant The Travelers Indemnity Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## **NEGLIGENCE**

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant The Travelers Indemnity Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property.  Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A.   Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B.   Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C.   Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D.   Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## **BREACH OF CONTRACT**

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant The Travelers Indemnity Company's conduct constitutes a breach of the insurance contract made between Defendant The Travelers Indemnity Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant The Travelers Indemnity Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant The Travelers Indemnity Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to

induce the consumer into a transaction into which the consumer would not have entered

had such information been disclosed (§ 17.46(b)(24));

D.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34.  As described in this Original Petition, Defendant The Travelers Indemnity Company represented to Plaintiff that its Policy and The Travelers Indemnity Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35.  As described in this Original Petition, Defendant The Travelers Indemnity Company represented to Plaintiff that its Policy and The Travelers Indemnity Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant The Travelers Indemnity Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant The Travelers Indemnity Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant The Travelers Indemnity Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant The Travelers Indemnity Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant The Travelers Indemnity Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## <u>VIOLATIONS OF THE TEXAS INSURANCE CODE</u>

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.   Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.   Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.   Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.   Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.   Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.   Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.   Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably

believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant The Travelers Indemnity Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant The Travelers Indemnity Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant The Travelers Indemnity

Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant The Travelers Indemnity Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant The Travelers Indemnity Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant The Travelers Indemnity Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## l. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant The Travelers

Indemnity Company, disclose all information and/or material as required by Rule 194.2, paragraphs

(a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce The Travelers Indemnity Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by The Travelers Indemnity Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether The Travelers Indemnity Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of The Travelers Indemnity Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between The Travelers Indemnity Company and its assigned adjuster, and all correspondence between The Travelers Indemnity Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person The Travelers Indemnity Company expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the

subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If The Travelers Indemnity Company or The Travelers Indemnity Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by The Travelers Indemnity Company or any of The Travelers Indemnity Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of The Travelers Indemnity Company's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

   a.   The date and manner in which The Travelers Indemnity Company received notice of the claim;

   b.   The date and manner in which The Travelers Indemnity Company acknowledged receipt of the claim;

   c.   The date and manner in which The Travelers Indemnity Company commenced investigation of the claim;

   d.   The date and manner in which The Travelers Indemnity Company requested from the claimant all items, statements, and forms that The Travelers Indemnity Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.     The date and manner in which The Travelers Indemnity Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date The Travelers Indemnity Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe The Travelers Indemnity Company's document retention policy.

10.  Does The Travelers Indemnity Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11.  Does The Travelers Indemnity Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.  Does The Travelers Indemnity Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe The Travelers Indemnity Company's bonus or incentive plan for adjusters.

## **CONCLUSION**

66. Plaintiff prays that judgment be entered against Defendant The Travelers Indemnity Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant The Travelers Indemnity Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*(Signatures on following page)*

*/s/ J. Zachary Moseley*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
**Attorneys for Plaintiff**

# EXHIBIT A-3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED __J. Michael Ferguson v. Travelers Indemnity Company__

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: J. Zachary Moseley | Email: Zach@mma-pllc.com | Plaintiff(s)/Petitioner(s): J. Michael Ferguson | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 411 N. Sam Houston Pkwy E. | Telephone: 713-344-6121 | | Additional Parties in Child Support Case: |
| City/State/Zip: Suite 200, Houston, TX 77060 | Fax: 713-322-5986 | Defendant(s)/Respondent(s): Travelers Indemnity Company | Custodial Parent: |
| Signature: *J. Zachary Moseley* | State Bar No: 24092863 | | Non-Custodial Parent: Presumed Father: |

[Attach additional page as necessary to list all parties]

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT A-4

FILED
DALLAS COUNTY
4/11/2017 10:20:52 AM
FELICIA PITRE
DISTRICT CLERK

## CIVIL PROCESS REQUEST

---

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

---

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** 04/11/2017 _____
                        Month/        Day/         Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME:  The Travelers Indemnity Company

   ADDRESS:  211 East 7th Street Suite 620, Austin TX 78701

   AGENT, (*if applicable*):  Corporation Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

   **SERVICE BY** (*check one*):
   - ☐ **ATTORNEY PICK-UP**                  ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
   - ☐ **MAIL**                              ☒ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
       Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   - ☐ **ATTORNEY PICK-UP**                  ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
   - ☐ **MAIL**                              ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
       Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  J. Zachary Moseley _____   TEXAS BAR NO./ID NO.  24092863

MAILING ADDRESS:  411 N. Sam Houston Parkway E, Suite 200, Houston, Texas 77060

PHONE NUMBER:  713 _____   334-6121 _____        FAX NUMBER:  713 _____   322-5986 _____
              area code    phone number                      area code    fax number

EMAIL ADDRESS:  Zach@mma-pllc.com

CIVIC108 Revised 9/2/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 90 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)

    MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 4-9/99

# EXHIBIT A-5

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-17-04243

J MICHAEL  FERGUSON

vs.

THE TRAVERLERS INDEMNITY COMPANY

160th District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $40

# EXHIBIT A-6

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    THE TRAVELERS INDEMNITY COMPANY
    BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620
    AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **J MICHAEL FERGUSON**

Filed in said Court **11th day of April, 2017** against

**THE TRAVELERS INDEMNITY COMPANY**

For Suit, said suit being numbered **DC-17-04243**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        DENOSHA BOSTON

---

## CITATION

### DC-17-04243

**J MICHAEL FERGUSON**
vs.
**THE TRAVELERS INDEMNITY COMPANY**

ISSUED THIS
**17th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
ZACH MOSELEY
411 N SAM HOUSTON PKWY E
SUITE 200
HOUSTON TX 77060
713-334-6121

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

# OFFICER'S RETURN

Case No. : DC-17-04243

Court No. 160th District Court

Style: J MICHAEL  FERGUSON

vs.

THE TRAVELERS  INDEMNITY COMPANY

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation      $ _____          of _____ County, _____

For mileage      $ _____          By _____ Deputy

For Notary      $ _____

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

# EXHIBIT A-7

**OFFICER'S RETURN**

Case No.: DC-17-04243

Court No. 160th District Court

Style: J MICHAEL FERGUSON

vs.

THE TRAVELERS INDEMNITY COMPANY

Came to hand on the _17th_ day of _April_ 20 _17_ at _9_ o'clock _A_ .M. Executed at _2116 7m St_

within the County of _Austin TX_ at _9:37_ o'clock _A_ .M. on the _21 st_ day of _April_

20 _17_ by delivering to the within named

_Travelers Indemnity Company Certified mail Return Receipt_

_Travelers Signed Ellecebla) Signeture_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation $ _70 ∞_ _Ellecebla) Signeture_

For mileage $ _____ of _____ County;

For Notary $ _____ By: _D.Cruce_

(Must be verified if served outside the State of Texas.) _____ Deputy

Signed and sworn to by the said

_____ before me this _____ day of _____ , 20 _____

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public _____

_____ County

FILED

17 APR 24  AM 11: 34

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVELERS INDEMNITY COMPANY**
**BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **J MICHAEL FERGUSON**

Filed in said Court **11th day of April, 2017** against

**THE TRAVELERS INDEMNITY COMPANY**

For Suit, said suit being numbered **DC-17-04243**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND INTERROGATORIES,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      DENOSHA BOSTON

---

## CITATION

DC-17-04243

**J MICHAEL FERGUSON**

vs.

**THE TRAVELERS INDEMNITY COMPANY**

ISSUED THIS
**17th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
ZACH MOSELEY
411 N SAM HOUSTON PKWY E
SUITE 200
HOUSTON TX 77060
713-334-6121

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID



FELICIA PITRE
DISTRICT CLERK
GEORGE L. ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0105 3978 34

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-04243 DB**

THE TRAVELERS IDEMNITY COMPANY
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX  78701-3218**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

**_UNITED STATES_**
**_POSTAL SERVICE_**₀

Date: April 21, 2017

MAIL MAIL:

The following is in response to your April 21, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000105397834.  The delivery record shows that this item was delivered on April 21, 2017 at 9:37 am in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :   

Address of Recipient :   

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000105397834
DC-17-04243 DB
THE TRAVELERS IDEMNITY COMPANY
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7th St Ste 620
Austin, TX  78701-3218

# EXHIBIT A - 8

FILED
DALLAS COUNTY
5/12/2017 4:20:25 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01331-C   Document 1-1   Filed 05/18/17   Page 48 of 57   PageID 52

CAUSE NO. DC-17-04243

| | | |
|---|---|---|
| J. MICHAEL FERGUSON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 160TH JUDICIAL DISTRICT |

## DEFENDANT'S UNOPPOSED MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant The Travelers Indemnity Company ("Travelers" or "Defendant") and files its Unopposed Motion to Transfer Venue. Defendant would respectfully show the Court as follows:

### I.

Defendant denies that venue in Dallas County is proper under the Texas Civil Practice and Remedies Code as alleged because although a substantial part of the events giving rise to this suit occurred within the City of Colleyville, Colleyville and the insured property at issue are not situated in Dallas County. Because the City of Colleyville and the insured property are located in Tarrant County, Texas, Tarrant County is the proper venue for this action.

### II.

Plaintiff alleges he purchased a policy from Travelers to insure property located at 909 Lake Carolyn Parkway, Suite 150, Irving, Texas 75039 (the "Irving Property"). Plaintiff further alleges the lawsuit revolves around a first party insurance dispute regarding the extent of damages and alleged loss suffered to Plaintiff's property while the Policy was in effect and that

the inspection of Plaintiff's property was substandard. Based on those allegations, Plaintiff alleged that venue was proper in Dallas County because the Irving Property is situated in Dallas County. Plf.'s Pet. at ¶ 6.

However, the address for the Irving Property is the mailing address for the policy and not the address for the property at issue. On April 13, 2017, Plaintiff's counsel sent Travelers a DTPA demand letter listing claim number DHZ3964 and 62 Main Street, Colleyville, Texas 76034 (the "Colleyville Property") as the claim and property at issue. Travelers inspected the Colleyville Property as a part of its investigation of claim DHZ3964 out of which this suit arises.

Further, Travelers did not issue a policy to Plaintiff. Travelers issued a policy to a condominium association, pursuant to which owners of property within the association are insured. While Travelers agrees that a substantial part of the events out of which the lawsuit arises occurred in Colleyville, venue is proper in Tarrant County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); *see also* TEX. CIV. PRAC. & REM. CODE § 15.032. After a conference on this Motion, Plaintiff also agrees that venue is proper in Tarrant County.

Accordingly, Defendant hereby requests transfer of this action to Tarrant County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Home and Marine Insurance Company prays that the Court transfer this action from Dallas County to Tarrant County, Texas, which is the county of proper venue, and provide such other and further relief as the Court may deem appropriate.

Respectfully submitted,


*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**


## <u>CERTIFICATE OF CONFERENCE</u>

I, the undersigned attorney, hereby certify to the Court that I have conferred with opposing counsel in an effort to resolve the issues contained in this motion without the necessity of Court intervention, and opposing counsel has indicated that he does not oppose this motion.

Certified to the Day of May 12, 2017 by Alissa Puckett.


*/s/ Alissa Puckett*
Wm. Lance Lewis / Alissa Puckett

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this Motion has been furnished to counsel of record as provided below, via facsimile, in accordance with the Texas Rules of Civil Procedure, this 12th day of May 2017:

James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060


                              */s/ Wm. Lance Lewis*
                              Wm. Lance Lewis / Alissa Puckett

# EXHIBIT A - 9

FILED
DALLAS COUNTY
5/12/2017 4:22:12 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01331-C   Document 1-1   Filed 05/18/17   Page 53 of 57   PageID 57

## CAUSE NO. DC-17-04243

| | | |
|---|---|---|
| J. MICHAEL FERGUSON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 160TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER SUBJECT TO
### DEFENDANT'S MOTION TO TRANSFER VENUE

Subject to its Motion to Transfer Venue, in response to Plaintiff's Original Petition (the "Petition") Defendant The Travelers Indemnity Company ("Travelers" or "Defendant") files its Original Answer thereto.

### I.
### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.     Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.     Plaintiff lacks standing to pursue his claims because he had no insurable interest in the property on the date of loss.

3.     Coverage is precluded to the extent that the loss occurred outside the policy period.

4.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced.

5.      Plaintiff's claims may be barred in whole or in part by the exclusion for loss or damage caused by or resulting from "continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more."

6.      Plaintiff's claims may be barred in whole or in part for the exclusion for "[s]ettling, cracking, shrinking, bulging or expansion or pavements, foundations, walls, floors, roofs, ceilings, curbs, fences, retaining walls or swimming pools."

7.      Plaintiff's claims may be barred in whole or in part by the Ordinance or Law exclusion.

8.      Plaintiff's claims may be barred in whole or in part by the Neglect exclusion.

9.      Plaintiff's claims may be barred in whole or in part by the exclusion for "[w]ear and tear."

10.     Plaintiff's claims may be barred in whole or in part by the exclusion for "[r]ust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

11.     Plaintiff's claims may be barred in whole or in part because the policy does not cover loss or damage to the "'interior of any building or structure' cause by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters."

12.     Plaintiff has failed to mitigate his damages.

13.     Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties after loss, such as the failure to give prompt notice of the loss or damage or the failure to protect Covered Property from further damage.

14.     Coverage is precluded to the extent Plaintiff seeks reimbursement for covered losses to which exceed the "least" of the following: "(1) The Limit of Insurance applicable to the lost or damaged property; (2) The cost to replace, on the same premises, the lost or damaged property with other property: (a) Of comparable material and quality; and (b) Used for the purpose; or (3) The amount actually spent that is necessary to repair or replace the lost or damaged property."

15.     To the extent Plaintiff seeks damages or coverage pursuant to a transfer or assignment of rights under the policy, the policy prohibits the transfer of rights and duties without Travelers' written consent.

16.     Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

17.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

18.     Travelers reserves the right to invoke appraisal.

19.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

20.     Plaintiff has failed to state a claim.

21.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Indemnity Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via facsimile, in accordance with the Texas Rules of Civil Procedure, this 12th day of May 2017 at the address indicated below:

James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett